UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE EUGENE IVORY,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM KNIPP, Warden,<br><br>Respondent. | NO. CV 12-8520-CJC (AGR)<br><br>ORDER TO SHOW CAUSE |

  On October 4, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

  The court, therefore, orders Petitioner to show cause, on or before ***November 13, 2012***, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

# **PROCEDURAL BACKGROUND**

On February 7, 2002, a Los Angeles County jury convicted Petitioner of arson and corporal injury on a spouse. (Petition at 2.) The court sentenced Petitioner to 28 years to life under California's Three Strikes law. (*Id.*) On May 19, 2003, the California Court of Appeal affirmed the conviction. (*Id.*, Attached.). On July 23, 2003, the California Supreme Court denied review. (Petition at 3); California's online Appellate Courts Case Information in Case No. S116423.

On June 15, 2012, Petitioner filed a habeas petition in the California Supreme Court, which was denied on September 19, 2012. (Petition, Attached.)

On September 27, 2012 , Petitioner constructively filed (Petition, Back of envelope) the instant petition in this court in which he raises four grounds: (1) juror bias (Juror No. 6); (2) ineffective assistance of trial counsel; (3) double jeopardy; and (4) a due process violation. (Petition at 5-6.)

# II.

# **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). Only subdivision (d)(1)(A) is relevant in Petitioner's case.

The California Supreme Court denied review on direct appeal on July 23, 2003. Petitioner's conviction became final 90 days later on October 21, 2003.

*See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the statute of limitations expired on October 21, 2004.

### A. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until June 15, 2012, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).  Absent equitable tolling, the petition is time-barred.

### B. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.[1]  The petition is therefore late by almost eight years.

### C.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In Ground Two, Petitioner argues his trial counsel was ineffective for two reasons.  First, counsel "allowed" Juror No. 6 to "slander" Petitioner.  Second, counsel refused to question the prosecution's "#1 witness," who also did not testify at the preliminary hearing.  (Petition at 5.)

Petitioner was aware of the factual predicates underlying this ground at the time of trial.  Accordingly, the date of discovery does not assist Petitioner.

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **November 13, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

---

[1] In the habeas petition before the California Supreme Court, in response to a question asking Petitioner to "[e]xplain any delay in discovery of the claimed grounds for relief and in raising the claims in this petition," Petitioner stated, "Petitioner/Defendant was very illiterate and has continued to further adult education until present date to comprehend issues for court."  (Petition, Attached habeas petition at last page.)

4

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: October 12, 2012

_/s/ Alicia G. Rosenberg_
ALICIA G. ROSENBERG
United States Magistrate Judge