UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE EUGENE IVORY,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM KNIPP, Warden,<br><br>Respondent. | NO. CV 12-8520-CJC (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

With respect to Ground Four based on insufficient evidence of arson, Petitioner argues that some "key facts" were not presented at trial because Petitioner was "so 'medicated'" he did not know what was going on and did not testify. (Objections at 2, 4.) A jury found Petitioner competent to stand trial. (Lodged Documents ("LD") 2 at E-71.) After the jury's finding and before trial on

the offenses, defense counsel stated that Petitioner had cooperated with him and provided important facts for investigation. (LD 14 at F-1 to F-4.) There is no indication in the trial record that Petitioner did not know what was going on. At the end of the defense case-in-chief, and outside the presence of the jury, defense counsel advised the court that he "considered putting [Petitioner] on the witness stand" and "left it up to [Petitioner] to make that decision" after advising him of the pros and cons. (*Id.* at 948.) Defense counsel asked Petitioner on the record whether he wanted to testify and Petitioner responded, "No." (*Id.*) To the extent Petitioner seeks to challenge his competency, such a claim would be unexhausted and could not form the basis for habeas relief. 28 U.S.C. § 2254(b)(1)(A).

In evaluating a claim of insufficient evidence, a court considers all of the evidence admitted at trial. *McDaniel v. Brown*, 558 U.S. 120, 131, 130 S. Ct. 665, 175 L. Ed. 2d 582 (2010). Petitioner's version of events was essentially in the trial record. Captain Kean testified that Petitioner told him Robinson doused him with lighter fluid, not vice versa, and also doused the bedspread with lighter fluid. (LD 14 at 415.) Kean testified that the physical evidence was not consistent with Petitioner's version of events. Petitioner was wearing a jacket, but there was no lighter fluid or odor found on Petitioner's jacket.[1] (*Id.* at 388-90, 419, 423.) By contrast, Robinson had lighter fluid on her head, hair, arms, hands and clothes.[2] (*Id.* at 422.) Petitioner argues that if he was the person who started the fire, he would not have lighter fluid on his hands (which he did) because the lighter fluid was in a bottle. (Objections at 5.) However, Kean testified there was lighter fluid

---

[1] Lighter fluid does not dissipate that quickly and would still have been on the jacket. (LD 14 at 430.)

[2] Petitioner's argument that Kean never examined Robinson's hands for lighter fluid is incorrect. (Objections at 2.)

on the outside of the bottle.[3]  (LD 14 at 382.)  "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel*, 558 U.S. at 133.  Petitioner has not shown that "no rational trier of fact could have agreed with the jury."  *Cavazos v. Smith*, 132 S. Ct. 2, 4, 181 L. Ed. 2d 311 (2011) (per curiam).

Petitioner's remaining objections are without merit.

IT IS THEREFORE ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 18, 2015

                                             CORMAC J. CARNEY
                                             United States District Judge

---

[3] No fingerprints were found on the lighter fluid bottle.  (*Id.* at 675.)